**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,
**v.**
Francisco Mendiola **Cabrera**,
Defendant/Appellant.
Appeal No. 95-016
Criminal Case No. 92-90
January 30, 1997

Submitted on the Briefs November 7, 1996.

Counsel for Appellant: Douglas F. Cushnie, Saipan.

Counsel for Appellee: Christine L. Zachares, Assistant Attorney General, Saipan.

BEFORE: TAYLOR, Chief Justice, and VILLAGOMEZ and ATALIG, Associate Justices.

TAYLOR, Chief Justice:

---

¶1 ■ Appellant, Francisco Mendiola Cabrera ("Mr. Cabrera"), appeals the sentence imposed upon him by the Superior Court on remand, after this Court affirmed his conviction for delivery of methamphetamine hydrochloride, or "ice." Mr. Cabrera argues that the sentencing court misinterpreted Title 6, § 2141(b)(1) of the Commonwealth Code ("CMC"), the statute which establishes the penalty for ice trafficking, resulting in a sentence unconstitutionally disproportionate to the offense. Further, Mr. Cabrera claims that the statute itself is unconstitutionally vague. This Court has jurisdiction over the matter pursuant to 1 CMC § 3102(a). We agree that the sentencing court misinterpreted Title 6, § 2141(b)(1) of the Commonwealth Code ("CMC") for the second time. Accordingly, we vacate the sentence and remand for resentencing under 6 CMC § 2141(b)(1) consistent with this opinion.[1]

## ISSUES PRESENTED AND STANDARDS OF REVIEW

¶2 ■ Mr. Cabrera presents the following issue for this Court's review:

Whether the trial court misinterpreted 6 CMC § 2141(b)(1) upon resentencing Mr. Cabrera, when it held that the statute called for a mandatory minimum sentence of five years in prison, not subject to suspension, probation, or parole. We review de novo the trial court's interpretation of a statute. *In re "S.S."*, 3 N.M.I. 177, 179 (1992) (citation omitted).

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Mr. Cabrera was convicted of delivery of a controlled substance, in violation of 6 CMC § 2141(a)(1), on March 26, 1993. (Excerpts R. at 10.) This conviction was based on a sale of .42 grams of "ice." The Superior Court sentenced Mr. Cabrera to a term of eight years in prison, three of which were suspended and five of which were to be served "without parole, probation or suspension pursuant to 6 CMC § 2141(b)(1)." (Excerpts R. at 9.) On appeal, this Court affirmed Mr. Cabrera's conviction. *Commonwealth v. Cabrera*, 4 N.M.I. 240 (1995). However, this Court vacated his sentence and remanded the matter for clarification of whether the trial judge had interpreted § 2141(b)(1) to require the imposition of a five year prison sentence, or also to allow a fine in lieu of imprisonment. *Id.*, at 251. Upon remand, the Superior

Court resentenced Mr. Cabrera to the same term of imprisonment as it had originally imposed. (Excerpts R. at 8.) As to its interpretation of the penalty statute, the judge stated:

> I want to make it clear for the Supreme Court, that the Court finds that the statute calls for a *mandatory minimum sentence* of five years without suspension or parole. [T]he Court finds that that's how the statute was written and . . . consistent with the argument of the Government that the sentence of five is without possibility of parole or suspension or probation (emphasis added).

(*Id.* at 49-50.) Mr. Cabrera timely appealed.

## ANALYSIS

**Interpretation of the Penalty Statute on Remand.**

¶4 ■ The penalty statute at issue, 6 CMC § 2141(b)(1), provides in pertinent part:

> (b) any person who violates subsection (a) of this section with respect to:
>
> (1) [M]ethamphetaminehydrochloride may be sentenced to a term of imprisonment for not more than 10 years, a fine of not more than $10,000, or both; provided, however, the term of imprisonment shall not be less than five years not subject to suspension, probation, or parole . . . .

In this Court's opinion on Mr. Cabrera's initial appeal, we stated:

> Cabrera argues that subsection (1) gives the trial court discretion to impose a sentence of imprisonment, *or* a fine, *or* both. The government asserts that the language of subsection (1) prescribes a mandatory prison term of five years without suspension, probation or parole. The government contends that the court may exercise its discretion only to impose a prison term greater than five years and/or a fine. [¶] We agree with Cabrera's reading of the statute.

*Cabrera, supra*, at 250. The Superior Court's interpretation of this statute on remand, that it "calls for a mandatory minimum sentence of five years without suspension or parole" (Excerpts R. at 49), does not conform to our original interpretation of the statute as set

---

[1] Because the misinterpretation of the statute constitutes reversible error, we will not discuss Mr. Cabrera's other arguments. However, we are not persuaded that the statute involved is unconstitutional or that the sentence imposed amounts to cruel and unusual punishment.

forth above, that "(1) it gives the trial court discretion to impose a sentence of imprisonment, *or* a fine, *or* both." *Id.* Thus, it is now clear that when the trial court re-sentenced Mr. Cabrera, it misinterpreted the statute.

### CONCLUSION

¶5 Based on the foregoing analysis, the sentence is **VACATED** and **REMANDED** for further sentencing based upon an interpretation of 6 CMC § 2141(b)(1) which is consistent with this opinion.